IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES DEWAYNE ALLEN,**

    Petitioner,

v.                                            Civil no. 3:05-cv-74
                                                Crim no. 3:00-cr-57(5)
                                                (Judge Broadwater)

**UNITED STATES OF AMERICA,**

    Respondent.

## REPORT AND RECOMMENDATION

On July 1, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On August 18, 2005, I determined that summary dismissal of the petition was not warranted and directed the respondent to file an answer. The respondent filed an answer on November 16, 2005. This case is before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

### I. Procedural History

**A  Conviction and Sentence**

Petitioner was indicted in the United States District Court for the Northern District of West Virginia on December 5, 2000. On February 28, 2001, petitioner pled guilty to distributing crack cocaine in violation of Title 21 U.S.C. § 841(a)(1). On June 27, 2001, petitioner was sentenced to a term of imprisonment of 140 months.

**B. Direct Appeal**

Petitioner appealed his conviction and sentence on July 31, 2001. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals on or about November 19, 2001.

### C.  First Federal Habeas Corpus

On July 11, 2002, petitioner filed his first Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The respondent was directed to file a response to the motion and did so on September 9, 2002.  Petitioner filed a reply to the respondent's response on September 23, 2002.  The petitioner's § 2255 motion was denied on March 12, 2003.

### D.  Other Collateral Proceedings

On August 3, 2004, petitioner filed a motion for re-sentencing.  Petitioner's motion was denied on January 18, 2005.

### E.  Second Federal Habeas Corpus

#### Allen's Contentions

In the petition, the petitioner asserts that the district court violated his Sixth Amendment right when it imposed a sentence upon judge found facts.  Specifically, petitioner asserts that his sentence is unconstitutional in light of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).  In <u>Booker,</u> the Supreme Court held that the mandatory nature of the federal sentencing guidelines violates a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding.  Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory.

Petitioner asserts that he is entitled to relief under <u>Booker</u> because his base offense level was increased by the district judge after finding only by a preponderance of the evidence that

petitioner was guilty of distributing drug amounts not charged in the indictment. Additionally, although not raised as a separate ground, petitioner also asserts that counsel was ineffective for failing to object to the district judge's findings.

**Government's Response**

In its response to the motion, the respondent asserts that petitioner's § 2255 motion should be denied because

(1) the petition is a second or successive motion;

(2) petitioner waived these issues by failing to raise them on direct appeal;

(3) Booker is not retroactive to cases on collateral review; and,

(4) petitioner failed to establish that counsel's failure to make a Sixth Amendment argument constitutes ineffectiveness or that petitioner was prejudiced by the alleged failure.

## II. Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

### A. Successive Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, in order to bring a second or successive habeas petition, the petitioner must first receive

authorization from the appropriate court of appeals.  See 28 U.S.C. § 2255.  A second or successive motion will only be certified by the Court of Appeals if it contains (1) newly discovered evidence that would establish by clear and convincing evidence that no reasonable juror would have found the movant guilty or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  Id.

Here, petitioner filed a motion with the Fourth Circuit Court of Appeals for authorization to file a second or successive habeas petition.  The Fourth Circuit denied petitioner's request on March 30, 2005.  See Doc. 1085.  Accordingly, any claims in the instant case that could have or should have been raised on direct appeal, or in petitioner's first § 2255 motion, should be dismissed as successive.

**B.  Ground One**

Nonetheless, it appears as if petitioner is arguing that he should be entitled to proceed under § 2255 at this time because Booker was not decided until after he was sentenced, after his conviction and sentence were affirmed on appeal, and after the filing of his first § 2255 motion.  However, this argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  In that case, the Fourth Circuit held that Booker is not retroactive to cases on collateral review.  Because the petitioner's conviction became final prior to the issuance of the Booker decision, the petitioner is not entitled to have said decision applied retroactively to his sentence and ground one should be denied.

**C.  Ground Two**

In ground two, petitioner asserts that counsel was ineffective for failing to object to the

district judge's determination as to relevant conduct. However, a review of petitioner's plea agreement shows that petitioner stipulated the amount of relevant conduct. See Doc. 390 at ¶ 9. Thus, there was no grounds for an objection and counsel was not deficient for failing to so object. See Strickland v. Washington, 466 U.S. 668 (1984) (in order to sustain an ineffective assistance of counsel claim, petitioner must demonstrate that counsel's representation was deficient, and that, but for that deficiency, the results of the proceedings would have been different.)

### III. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 24, 2006.

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE